**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4908**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

MICHAEL DONNELL BUTTS,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:09-cr-00002-RAJ-FBS-1)

Submitted:  February 26, 2010          Decided:  March 17, 2010

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew A. Protogyrou, PROTOGYROU & RIGNEY, PLC, Norfolk, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Laura M. Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Donnell Butts entered a conditional guilty plea, pursuant to a plea agreement, to conspiracy to tamper with a witness or informant, in violation of 18 U.S.C.A. § 1512(a)(1)(A), (a)(3)(A), (k) (West 2008 & Supp. 2009), conspiracy to retaliate against a witness or informant, in violation of 18 U.S.C.A. § 1513(a)(1)(B), (a)(2)(A) (West 2008 & Supp. 2009), tampering with a witness or informant resulting in death, in violation of 18 U.S.C.A. § 1512(a)(1)(A), (a)(3)(A) and 18 U.S.C. § 2 (2006), retaliating against a witness or informant resulting in death, in violation of 18 U.S.C.A. § 1513(a)(1)(B), (a)(2)(A) and 18 U.S.C. § 2, and use of firearm in a drug trafficking offense or crime of violence resulting in death, in violation of 18 U.S.C. §§ 2, 924(c), (j) (2006). The district court sentenced Butts to four concurrent terms of life imprisonment and one consecutive term of life imprisonment.

In the plea agreement, Butts reserved the right to challenge the district court's denial of his motion to suppress inculpatory statements he made to law enforcement officers after his arrest. Butts contends on appeal that the district court erred in denying the motion to suppress. We affirm.

We review the factual findings underlying the denial of a motion to suppress for clear error, United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), cert. denied, ___ S. Ct. ___,

2

2010 WL 58699 (U.S. Jan. 11, 2010) (No. 09-7788), which exists where we are "left with the definite and firm conviction that a mistake has been committed," United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008) (internal quotation marks omitted). When a defendant's suppression motion has been denied, we review the evidence in the light most favorable to the Government. See United States v. Farrior, 535 F.3d 210, 217 (4th Cir.), cert. denied, 129 S. Ct. 743 (2008). We also defer to the district court's credibility determinations. See United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009).

With these standards in mind, and having reviewed the transcript of the suppression hearing and the parties' briefs, we conclude that the district court did not err in denying Butts' motion to suppress. Viewed in the light most favorable to the Government, evidence from the suppression hearing establishes that after his arrest, Butts was handcuffed and placed in a law enforcement vehicle. While the vehicle was en route, Sergeant Smith orally advised Butts of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), reading the rights from an advice-of-rights form. Because of the handcuffs, Butts was unable to sign the advice-of-rights form while in the vehicle. Although Butts initially denied any knowledge of the offenses, he agreed to cooperate and was taken to the Drug Enforcement

3

Administration's office in Norfolk, Virginia.  Butts was placed in an interview room and signed the advice-of-rights form, indicating that he understood his <u>Miranda</u> rights and wished to speak to law enforcement officers without an attorney.  Butts then made incriminating statements concerning his participation in the murder of a federal witness and related, attempted murders.  We find that the district court did not clearly err in determining that Butts received <u>Miranda</u> warnings prior to making his inculpatory statements.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>